IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARSHALL ARMSTRONG** § | |
| *Plaintiff* § | |
| § | CIVIL ACTION No._____ |
| VS. § | |
| § | |
| **WALMART INC. AND WAL-MART** § | |
| **STORES TEXAS LLC** § | |
| *Defendants* | |

**PLAINTIFF'S ORIGINAL PETITION**

COMES NOW **MARSHALL ARMSTRONG (Plaintiff")**, complaining of **WALMART INC. AND WAL-MART STORES TEXAS, LLC ("Defendant")** and or cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.1    Plaintiff, **MARSHALL ARMSTRONG**, is a resident of Carrollton, Denton County, Texas. The last three of **MARSHALL ARMSTRONG'S** social security are 054.

1.2    Defendant, **WALMART INC.** is a domestic limited liability authorized to conduct business in the State of Texas and operating within Collin County, Texas. **WALMART INC.** may be served by delivering a true and correct copy of the petition and citation to its registered agent, **CT Corporation System 1999 Bryan St. Ste 900 Dallas, TX 75201. Service of said Defendant as described above can be effected by person delivery**

1.3    Defendant, **WAL-MART STORES TEXAS, LLC,** is a domestic limited liability authorized to conduct business in the State of Texas and operating within Collin County, Texas. **WAL-MART STORES TEXAS, LLC** may be served by delivering a true and correct copy of the petition and citation to its registered agent, **CT Corporation System 1999 Bryan St. Ste 900**

**Dallas, TX 75201.** **Service of said Defendant as described above can be effected by person delivery.**

## JURISDICTION AND VENUE

2.1    The Court has jurisdiction in this cause since the damages are within the jurisdictional limits of the Court.

2.2    All, or a substantial part, of the events or omissions giving rise to the claim occurred in Denton County.  Therefore, venue is proper Pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.   Additionally, the venue is proper because the facts show that the convenience of the parties, and the witnesses, and the interest of justice would be best served in Denton County.

2.3    Plaintiff has satisfied all conditions precedent to this lawsuit.

2.4    Nothing Plaintiff caused or contributed to this occurrence.

2.5    Plaintiff sues for actual damages that exceed $100,000 but not to exceed $200,000.00.

## FACTUAL SUMMARY

3.1    On or about March 7, 2024, at approximately 4:00 pm. during normal business operation, Plaintiff visited the Premises which was owned, possessed, controlled, operated and/or maintained by defendant. While on the Premise and inside the Walmart Inc./ Walmart Stores Texas LLC, Plaintiff encountered a dangerous and unexpected hazard that was not marked with any warnings. Such a dangerous and unexpected hazard caused Plaintiff to slip on liquid on the floor causing him to fall. The accident occurred with tremendous force, proximately causing Plaintiff to suffer severe, excruciating, and painful debilitating injuries.

## NEGLIGENCE: PREMISES LIABILITY

4.1    Plaintiff **MARSHALL ARMSTRONG** was on Defendants' Premises at the express or implied invitation of Defendants. Plaintiff **MARSHALL ARMSTRONG** was Defendants' invitee at the time of the accident.

4.2    Defendants owed a duty to Plaintiff to exercise ordinary care in their ownership, possession, control, maintenance and use of premises to reduce or eliminate unreasonable risk of harm created by a defective condition at **WALMART INC. AND WAL-MART STORES TEXAS, LLC** which Defendants knew about or in the exercise of ordinary care should have known about.

4.3    Defendants, acting through their agents, servants and employees, failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances in the following particulars:

 a.   Failing to adequately warn Plaintiff of the dangerous condition made subject of this petition;

 b.   Failing to do anything to reduce or eliminate the hazard posed by the slip and fall and;

 c.   Failing to train their employees to properly manage the premises at **WALMART INC. AND WAL-MART STORES TEXAS, LLC** so as to help prevent the dangerous conditions which developed on the premises.

4.4    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant constituted negligence and was the proximate cause of the Plaintiff's injuries and damages.

## RESPONDEAT SUPERIOR AGAINST DEFENDANTS

5.1     Defendants are liable for the negligence of their employees and/or agents pursuant to the doctrine of respondeat superior, because the employees and/or agents of Defendants were acting in the course and scope of their employment of Defendants at all relevant times.

## GROSS NEGLIGENCE AGAINST DEFENDANTS

6.1     Defendants' conduct acts and/or omissions described above involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Defendants had actual, subjective awareness of the risk but proceeded with a conscious indifference to the rights, safety or welfare of Plaintiff and others.

6.2     Defendants' conduct rises to the level of gross negligence.   Accordingly, Plaintiff is entitled to a finding that Defendants were grossly negligent concerning the incident made the basis of this lawsuit.

## DAMAGES FOR PLAINTIFF

7.1     As a result of the incident made the basis of this lawsuit as described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain damages in the future.

7.2     Plaintiff respectfully requests that the trier of fact determine the amount of their damages and losses that they incurred in the past and that they will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to, the following:

      a.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries

                resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

    b.    Reasonable and necessary medical care and expenses that will, in all reasonable probability, be incurred in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will, in all reasonable probability, be suffered in the future;

    e.    Physical impairment in the past;

    f.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    g.    Mental anguish in the past;

    h.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    i.    Loss of earnings and/or earning capacity in the past;

    j.    Loss of earning capacity which, in all probability, will be incurred in the future;

    k.    Disfigurement in the past and future; and

    l.    Cost of medical monitoring and prevention in the past and future.

7.3    Because of all of the above and foregoing, Plaintiff suffered actual damages in excess of the minimum jurisdictional limits of the Court for which damages Plaintiff now brings suit.

7.4     Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for all costs of Court, and all other relief, both general and special, at law and in equity, to which they may be justly entitled.

### PRESERVATION OF EVIDENCE

8.1     Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including photographs, videotapes, audiotapes, recordings, business or medical records; bills; estimates; invoices; checks; measurements; correspondence; memoranda; files; any item which has been removed from the premises which was involved in the incident; facsimile; email; voicemail; text messages; investigation; cellular telephone records; calendar entries; and any electronic image, data, or information related to Plaintiff, the referenced incident, or any damages resulting therefrom. Failure to maintain such items will constitute a spoliation of the evidence.

### JURY DEMAND

9.1     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

### RULE 193.7 NOTICE

9.2     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendants that any and all documents produced may be used against the Defendants producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that each Defendants be cited in terms of law to appear and answer herein, and that upon final trial and hearing hereof, Plaintiff recovers damages in accordance with the evidence, costs of Court herein expended, interest to which Plaintiff is justly entitled under the law, and that the Court grant Plaintiff such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

GODSEY MARTIN, P.C.

By: /s/ David M. Patin Jr.
David M. Patin Jr.
State Bar No. 24076611
E-serve: GMLIT@gmfirm.com
15000 Surveyor Blvd.
Dallas, TX 75001
T (214) 744-3339
F (972) 301-2444
**Attorney for Plaintiff**

CORRESPONDENCE, E-SERVED DOCUMENTS, NOTICES AND ORDERS ARE ONLY ACCEPTED AT DESIGNATED E-SERVICE EMAIL ADDRES (GMLIT@GMFIRM.COM). SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID